UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERBERT HARPER** | **CASE NO.** |
| **VS.** | **JUDGE** |
| **GEOVERA SPECIALTY INSURANCE COMPANY** | **MAGISTRATE JUDGE** |

## NOTICE OF REMOVAL

**COMES NOW,** Defendant, GeoVera Specialty Insurance Company ("GeoVera"), who, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal to the United States District Court for the Eastern District of Louisiana on the basis of diversity of citizenship and amount in controversy and respectfully shows the following:

### I.
### FACTUAL BACKGROUND

1. On or about April 18, 2022, Plaintiff filed their Petition for Damages ("Petition") in a case styled *Herbert Harper v. GeoVera Specialty Insurance Company,* Case No. 77,779, pending in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

2. GeoVera was served through the Louisiana Secretary of State on May 2, 2022.

3. GeoVera files this notice of removal within 30 days of receiving service of Plaintiff's pleading. *See* 28 U.S.C. §1446(b).

4. Attached hereto are copies of the following documents:

- **Exhibit A:**   Copy of all pleadings filed in the state court.
- **Exhibit B:**   Civil Cover Sheet.

## II.
## BASIS FOR REMOVAL

5. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A. Plaintiff and Defendant Are Diverse

6. Upon information and belief, Plaintiff is and was domiciled in and a resident of the state of Louisiana. *See* Ex. A., Plaintiff's Petition, first paragraph.

7. GeoVera Specialty Insurance Company is and was a Delaware incorporated insurance company, with its principal place of business located in California. GeoVera is therefore not a citizen of the State of Louisiana for diversity purposes.

### B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

8. Based upon the allegations in their Petition, Plaintiff seeks monetary relief for loss and damages to their property resulting from Hurricane Ida on August 29, 2021.

9. When a Plaintiff's pleadings do not allege a specific amount of damages, the removing party must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). This burden may be satisfied by the removing defendant showing it is facially apparent the Plaintiff's claims exceed the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

10. Louisiana prohibits plaintiffs from petitioning for a specific monetary amount. *See* La. Code Civ. P art. 893(A)(1). The plaintiff's complaint is controlling on question whether case is removable from state to federal court because of amount involved. *See St. Paul Mercury Indem.*

*Co. v. Red Cab Co.*, 303 U.S. 283; 58 S.Ct. 586; 82 L.Ed. 845 (1938); citing 28 U.S.C.A. §§ 1331 et seq., 1359, 1441, 1445, 1447, 1919.

11. In this case, Plaintiff's Petition plainly suggests the amount in controversy is in excess of $75,000. Theories of recovery pleaded by Plaintiff includes breach of contract, bad faith claims handling, and violations of La. R.S. 22:1982 and La. R.S. 22:1973. *See* Plaintiff's Petition for Damages ¶ 4, 5. Plaintiff seeks additional payment for diminution of the value of the property, underpayment and/or delayed payment of covered damages/repair costs, actual repair costs, temporary repair costs, as well as increased repair costs, loss of use and/or additional living expenses, personal property damage, penalties pursuant to Louisiana R.S. §22:1982 & §22:1973, mental anguish and/or inconvenience, attorneys' fees, other professional fees, and litigation costs associated, other general, special and/or consequential damages, and any and all other damages discovered and/or proven. ¶ 7.

12. If a state statute provides for attorney's fees, such fees are to be included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). Plaintiff's allegations that GeoVera arbitrarily and capriciously failed to pay according to the Policy would, if proven, give rise to a claim for attorney's fees and penalties under La. R.S. 22:1982 and La. R.S. 22:1973. The United States Fifth Circuit has previously held that removal is proper when the claim, including the attorney's fees, would exceed the jurisdictional minimum required for removal. *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723-25 (5th Cir. 2002).

13. The amount in controversy in Plaintiff's Petition exceeds the jurisdictional requirements for removal because plaintiff is seeking additional payment for diminution of the value of the property, underpayment and/or delayed payment of covered damages/repair costs,

actual repair costs, temporary repair costs, as well as increased repair costs, loss of use and/or additional living expenses, personal property damage, penalties pursuant to Louisiana R.S. §22:1982 & §22:1973, mental anguish and/or inconvenience, attorneys' fees, other professional fees, and litigation costs associated, other general, special and/or consequential damages, and any and all other damages discovered and/or proven. ¶ 7.

## III.
## **THE REMOVAL IS PROCEDURALLY CORRECT**

15. GeoVera is filing this Notice within the 30-day period required by 28 U.S.C. § 1446(b).

16. Venue is proper in this District under 28 U.S.C. §1446(a) because this District includes the parish in which the state action is and has been pending.

17. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

18. Promptly after GeoVera files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

19. Promptly after GeoVera files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of Court for the Parish of St. John the Baptist pursuant to 28 U.S.C. §1446(d).

## IV.
## **CONCLUSION**

20. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed before this Court, GeoVera hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By:   /s/ *Christopher W. Kaul*
Christopher W. Kaul (#33213)
Jacob A. Lasley (#39433)
601 Poydras Street, Suite 1850
New Orleans, Louisiana 70130
504-526-4321 Telephone
504-526-4310 Facsimile
*Email:* CKaul@thompsoncoe.com
JLasley@thompsoncoe.com
**COUNSEL FOR DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that to the best of my knowledge all counsel of record consent to and participate in receiving electronic notification from the CM/ECF system, and that the Clerk of the Court for the Eastern District of Louisiana, using the CM/ECF system, will electronically send notification of the filing of this pleading to all counsel of record.

s/ *Christopher W. Kaul*
Christopher W. Kaul